CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
SAMI N. RANDOLPH, ESQ.
Nevada Bar No. 7876
S. SCOTT GREENBERG, ESQ.
Nevada Bar No. 4622
5100 W. Sahara Ave.
Las Vegas, Nevada 89146
(702) 799-5373
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS KYLE CHANNEY,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, a Public Entity; RAMONA ESPARZA, an individual; and DOES 1 through 10,<br><br>    Defendants. | CASE NO.: 2:15-cv-1708-JCM-PAL<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The parties to this action, identified below, herein enter the following stipulations and agreements and request the Court enter an Order for the same:

A. Counsel for Plaintiff, MARCUS KYLE CHANNEY, the "Plaintiff," and

B. Counsel for Defendants, CLARK COUNTY SCHOOL DISTRICT (CCSD); and RAMONA ESPARZA ; collectively the "Defendants," agree to the following:

### GENERAL STIPULATIONS

1. The "Litigation" shall mean the above-captioned case, Marcus Kyle Channey vs. Clark County School District, and Ramona Esparza, 2:15-cv-1708-JCM-PAL, United States District Court, District of Nevada,

2.   It is acknowledged there is a presumption of public access to judicial files and records and that good cause must be shown to overcome this presumption. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). The parties believe good cause exists, as set forth hereinafter, and submit this Stipulated Confidentiality Agreement and Protective Order (hereinafter "Protective Order") for the purpose of facilitating the exchange of documents and information between the parties in this action without having to unnecessarily involve the Court in the discovery process and in order to protect privacy interests of the parties and third parties as necessary. Except as otherwise set forth herein, nothing in this Protective Order nor the production of any information or documents under the terms of this Protective Order nor any proceedings in this matter will be deemed an admission or waiver by any Party of any confidentiality protection otherwise applicable to any document or information produced in this Litigation.

3.   "Documents" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, photographs, memoranda, email communications, statements (financial or otherwise), audio recordings, video recordings, responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms. "Information" means any information contained within a Document.

/ / /

4. "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

### CONFIDENTIALITY AGREEMENT

5. The Parties agree that any Document or Information which is/are medical records, employee personnel records or student school records may be designated by the Producing Party as "CONFIDENTIAL" under the terms of this Protective Order and any such designated Document or Information shall not be provided to or made available to third parties except as permitted by, and in accordance with, the provisions of this Protective Order.

6. Confidential Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL" and the Document and Information contained therein shall be deemed to be a Confidential Document or Information pursuant to this Protective Order.

7. Some or all of the testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or within ten (10) business days of receipt of the transcript the Party designating any portion or the entirety of the deposition testimony as CONFIDENTIAL shall make arrangements with the court reporter to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately.

8. CONFIDENTIAL Documents and Information shall be maintained in strict confidence by the Parties who receive such Documents and Information, shall only be used for the purpose of prosecution, defense, or settlement of this action, and for no other purpose, and shall not be disclosed to any person except:

   (a) to the Court, including any appellate Court, so long as the Document or Information is submitted under seal, if required;

   (b) to the attorneys of record in this Litigation (and other assisting attorneys in the same firm) and paralegal, clerical, and secretarial staff employed by such counsel or CCSD's Legal Office;

   (c) a Party, or an officer, director, agent, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   (d) subject to the terms of Paragraph 9 below, experts or consultants (and their clerical staff) consulted and/or retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   (e) court reporter(s) employed in this action;

   (f) a witness at any deposition or court proceeding in this action;

   (g) subject to the terms of Paragraph 9 below, any other person, only if the receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the

- 4 -

1  Producing Party has not provided a written objection to the
2  disclosure within ten (10) business days of delivery of the
3  notification. In the event of an objection, no disclosure
4  shall be made pending the resolution of the objection.
5  (h) as used above in this Paragraph 8, the term
6  "resolution of the objection" requires either a written,
7  signed stipulation of the Parties or Court order.
8  9. With respect to experts or other persons pursuant to
9  Paragraphs 8(d) and 8(g) above, the expert or other person must be
10 provided a copy of this Protective Order and must sign a
11 certification acknowledging that he/she has carefully and completely
12 read, understands, and agrees to be bound by this Protective Order.
13 The Party on whose behalf such a certification is signed shall
14 retain the original certification.
15 10. Any person other than a Party, counsel for a Party, or a
16 direct employee of such counsel/CCSD's Legal Office, having access
17 to CONFIDENTIAL Documents or Information pursuant to paragraph 8,
18 shall be provided a copy of this Protective Order by the Party
19 providing access to the CONFIDENTIAL Document or Information. Such
20 persons shall be bound by this Protective Order and shall not
21 disclose the CONFIDENTIAL Document or Information to any persons not
22 authorized under state or federal law or order of this Court to
23 receive such Document or Information. Furthermore, any such person
24 shall sign a statement of confidentiality prior to being furnished
25 with any such CONFIDENTIAL Document or Information.
26 11. All designations of Documents and Information as
27 CONFIDENTIAL must be made in good faith.
28 / / /

12. If any Party includes in papers to be filed with the Court: (i) a Document or Information designated or deemed as CONFIDENTIAL, or (ii) information solely derived from a Document or Information designated or deemed as CONFIDENTIAL, such papers, or the confidential portion thereof, shall be filed under seal in accordance with Local Rule 10-5(b) and the Ninth Circuit's decision in <u>Kamakana v. City and County of Honolulu</u>, 447 *F3d* 1172 (9th Cir. 2006). Hard copies shall be submitted to the Parties in accordance with Local Rule 10-5 and local e-filing instructions.

13. Parties shall also comply with all requirements of Fed. R Civ. P 5.2 with regard to documents that are filed with the Court.

14. The parties disagree regarding whether records are protected by FERPA. However, the Parties have agreed and it is ordered that educational records, mental health records, or any records which directly reference education or mental health are hereby designated as CONFIDENTIAL.

15. This Protective Order does not affect access to CONFIDENTIAL Documents or Information by individuals, including employees of the CCSD, who are otherwise authorized by law to have such access. Nor does this Protective Order prevent a Party from revealing CONFIDENTIAL Documents and Information to a person who created or previously received (as an addressee or by way of copy) such Document or Information.

16. This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular Document or Information is, in fact, CONFIDENTIAL or whether its use should be restricted in any manner whatsoever; or (ii) to present a motion to the Court for a

- 6 -

separate protective order as to any particular Document or Information, including restrictions differing from those specified herein. A Party may object to the designation of particular Document or Information as CONFIDENTIAL by giving written notice to the Party designating the disputed Document or Information. The written notice shall identify the Document or Information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the Document or Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Document or Information should be subject to the terms of this Protective Order. If such a motion is filed within twenty (20) business days after the date the notice is received, the disputed Document or Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed Document or Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order, except with regard to FERPA Records, as hereinafter defined, which shall always retain their status as CONFIDENTIAL until the Court rules otherwise upon a motion filed by either Party. In connection with a motion filed under this provision, the Party designating the Document or Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Document or Information to be treated as CONFIDENTIAL.

/ / /

17. While protected by this Protective Order, any Documents or Information designated as CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit Documents and Information previously produced by the Parties prior to the entry of this Protective Order may be designated CONFIDENTIAL within 30 days after the date of this Protective Order.

18. A Party who through inadvertence produces any CONFIDENTIAL Document or Information without designating it as such in accordance with the provisions of this Protective Order shall not be deemed to waive any claim of confidentiality with respect to such Document or Information and the Producing Party may, promptly upon discovery, furnish a substitute copy properly designated along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Document or Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order. Each receiving person must thereafter treat such Document and Information as CONFIDENTIAL in accordance with the notice. Disclosure of such Confidential Document or Information prior to the receipt of such notice shall not be deemed a violation of this Protective Order. A Receiving Party who has disclosed such CONFIDENTIAL Documents or Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

/ / /

**OTHER STIPULATED CONSIDERATIONS**

21. Notwithstanding any other provision of law, the parties agree that to the extent that any educational records relating to the Desk incident are argued to be relevant in any way to this action, Plaintiff may designate such records as CONFIDENTIAL and such records shall be treated as CONFIDENTIAL absent written agreement of the Parties or Court Order.

22. All FERPA Records are deemed CONFIDENTIAL Documents containing CONFIDENTIAL Information.

23. If CONFIDENTIAL Documents or Information, including FERPA Records, are contained in any brief or other paper to be filed in the public record of the Court by a Party, the CONFIDENTIAL Document or Information will be redacted from such brief or other paper ~~and shall be appropriately marked and separately filed in a sealed envelope. The envelope shall set forth on its face the case caption, the title of the paper, a notation that the paper is filed under seal, and the title and date of the Court Order authorizing the paper to be filed under seal. When e-filing, a Party shall file a one-page cover sheet stating that the CONFIDENTIAL Document or Information was e-filed under seal, and then deliver the aforementioned envelope containing the CONFIDENTIAL Document or Information to chambers and/or to the clerk of the Court.~~ [Stricken by the court. The parties shall comply with LR 10-5(b).] Upon or before tendering such CONFIDENTIAL Document or Information to the Court for filing, the Party shall file a motion with the Court to obtain leave to file it under seal. Such motion shall be made in compliance with applicable Court Rules. If such leave is not timely obtained, then the Party desiring to file the CONFIDENTIAL Document or Information shall confer in good faith with the Producing Party

- 9 -

to determine how such Document or Information otherwise may be provided to the Court. If the Court ultimately refuses to allow such Document or Information to be filed under seal, then it may be filed without being under seal. The foregoing shall not apply to CONFIDENTIAL Document or Information submitted to the Court, but not filed with the Court, in the Parties' Confidential Settlement Statements, if applicable.

24. The Parties recognize that non-parties (e.g., LVMPD) may be required by subpoena or otherwise to provide documents, records or other information which the non-party requires, pursuant to law or otherwise, be designated as CONFIDENTIAL. Therefore, the Parties agree that any non-party may designate documents, records or other information it produces as CONFIDENTIAL and such will be treated as CONFIDENTIAL, absent written agreement with the producing non-party or Court Order. Any Party may also designate any record produced by any other Party or third party as CONFIDENTIAL at any time. Such documents shall be treated as CONFIDENTIAL by all parties to the same extent as if the Producing Party had designated the documents as CONFIDENTIAL.

25. If any Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Document or Information that has been produced to it under the terms of this Protective Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL Document or Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Document or Information and shall cooperate with the

original Producing Party in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Document or Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

26.  A copy of this Protective Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Documents or Information will be disclosed.

27.  This Protective Order shall be without prejudice to any Party to claim that a Document that a Party marked as containing CONFIDENTIAL Information is also protected by the attorney-client privilege, work product doctrine, or any other privilege or limitation recognized under state or federal law.  Determinations of confidentiality and privilege are separate, and nothing in this Protective Order constitutes a waiver of privilege.  Nothing in this Protective Order shall be construed as an admission or agreement that any specific Document or Information is or is not CONFIDENTIAL, subject to discovery, relevant, or admissible in evidence in this or any future proceeding.

28. At the conclusion of this Litigation, including by way of settlement, all Documents designated or deemed as CONFIDENTIAL or CONFIDENTIAL-FERPA, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants), shall be returned to the person or Party that produced the CONFIDENTIAL or CONFIDENTIAL-FERPA material, or, in the alternative, destroyed and certified in writing to the person or Party that produced the confidential material to have been

1 destroyed. Notwithstanding the foregoing, counsel may retain solely
2 for archival purposes a single copy of the CONFIDENTIAL Documents,
3 but not the CONFIDENTIAL-FERPA Documents, provided that such
4 CONFIDENTIAL Documents are prominently marked with the statement:

**CONFIDENTIAL**

**This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of confidential discovery material.**

or some substantially similar statement The provisions of this Protective Order shall continue to apply to all Confidential materials not returned or destroyed for as long as they are held. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Protective Order and not to disclose such CONFIDENTIAL Information and Documents, including CONFIDENTIAL-FERPA Documents, shall survive any settlement or other termination of this Litigation.

  30.  Notwithstanding anything to the contrary herein, whenever a Party deems a Document as CONFIDENTIAL because of a small portion of the Information contained within the Document, that Party shall make a good faith evaluation whether to designate only the confidential portion of the Document as CONFIDENTIAL, instead of the entire Document. If a portion of a Document is designated as CONFIDENTIAL, the Document is not deemed CONFIDENTIAL so long as the designated confidential portion is redacted.

/ / /
/ / /
/ / /
/ / /

1  31. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

**IT IS SO STIPULATED.**

DATED this 27th day of April, 2016.

| GALLIAN WELKER & BECKSTROM, LC | CLARK COUNTY SCHOOL DISTRICT |
|---|---|
| By: _____ <br> Christopher A. Lund, Esq. <br> 540 E. St. Louis Ave. <br> Las Vegas, NV 89104 <br> Attorney for Plaintiff | By: _____ <br> Sami N. Randolph, Esq. <br> 5100 West Sahara Avenue <br> Las Vegas, NV 89146 <br> Attorney for Defendants |

### ORDER

The foregoing stipulated Confidentiality Agreement and FERPA Protective Order is adopted by the Court and hereby ordered.

_____
UNITED STATES JUDGE

Dated: May 2, 2016

- 13 -