UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCUS KYLE CHANNEY, | Case No. 2:15-CV-1708 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

Presently before the court is defendants Clark County School District and Ramona Esparza's motion to dismiss. (ECF No. 5). Plaintiff Marcus Channey filed a response (ECF No. 8), and defendants filed a reply. (ECF No. 12).

**I.    Background**

The present case arises from a dispute over plaintiff's termination of employment. (ECF No. 1 at Exh. 1). Plaintiff is African American and was formerly a substitute teacher and coach at Valley High School for defendant Clark County School District ("CCSD"). (ECF No. 1 at Exh. 1); (ECF No. 5 at 2). Defendant Esparza, who terminated plaintiff's employment, is the principal of Valley High School. (ECF No. 1).

On or about December 9, 2014, defendant CCSD terminated plaintiff a few months after he began working. (ECF No. 1 at Exh. 1); (ECF No. 5 at 2). Plaintiff alleges that defendant Esparza, who is Latino, fired him based on false accusations by a Latino student. (ECF No. 1 at Exh. 1). The student claimed that plaintiff "maliciously dumped him out of his desk" causing him to "hurt his head and neck." (ECF No. 1 at Exh. 1). Defendant Esparza did not give plaintiff an opportunity to provide an account of the events, nor did she tell plaintiff the reason for his termination. (ECF

**James C. Mahan**
**U.S. District Judge**

No. 1 at Exh. 1). After plaintiff lost his job, defendants refused to grant a hearing on the issue. (ECF No. 1 at Exh. 1).

Plaintiff also alleges that defendants encouraged others to criminally prosecute the plaintiff based on the student's allegations. (ECF No. 1 at Exh. 1). However, over a year later plaintiff was acquitted of the charges. (ECF No. 1 at Exh. 1).

At the time plaintiff was hired, he signed the high school's standard "conditions of employment" for substitute teachers, which states that employment does not confer any "contractual rights either by implication or otherwise to be employed at any other time or on a continuing basis." (ECF No. 5 at Exh. 1). The conditions of employment also state that defendant CCSD may release plaintiff from his position at any time for any reason. (ECF No. 5 at Exh. 1).

Plaintiff commenced this action in the Nevada Eighth Judicial District Court. (ECF No. 1 at ¶ 1). The complaint lists five causes of action: (1) wrongful termination in violation of Title VII and NRS 613.330, (2) violation of due process, (3) breach of contract, (4) breach of covenant of good faith and fair dealing, and (5) defamation. (ECF No. 1 at Exh. 1). On September 4, 2015, defendants filed for removal to this court under 28 U.S.C. § 1331. (ECF No. 1).

**II.      Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent

**James C. Mahan**
**U.S. District Judge**

- 2 -

with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

The defendants argue that the complaint does not support plausible claims for relief and seek to dismiss this action in its entirety. (ECF No. 5 at 5–11, 15–17). Defendants further assert that claims two through four are inapplicable because plaintiff is an at-will employee and that discretionary immunity precludes all state law claims. (ECF No. 5 at 11–15, 17–18). In response, plaintiff argues that the complaint does support plausible claims, that plaintiff's substitute teaching employment is not at-will, and that discretionary immunity does not preclude any claims. (ECF No. 8 at 2-16).

    a. *Violation of Due Process*

The Fifth and Fourteenth Amendments provide that a person may not be deprived of life, liberty, or property without due process of law. These guarantees, however, "apply only when a

**James C. Mahan**
**U.S. District Judge**

- 3 -

constitutionally protected liberty interest or property interest is at stake." *Tellis v. Godinez,* 5 F.3d 1314, 1316 (9th Cir.1993), *cert. denied,* 513 U.S. 945 (1994). Demonstrating the existence of a constitutionally protected liberty or property interest is a threshold requirement to a substantive or procedural due process claim. *Board of Regents v. Roth,* 408 U.S. 564, 569 (1972); *Wedges/Ledges of California, Inc. v. City of Phoenix,* 24 F.3d 56, 62 (9th Cir. 1994).

In order to state a claim for violation of substantive due process, plaintiff must assert a constitutionally protected liberty or property interest. The freedom "to engage in any of the common occupations of life" is a constitutionally protected liberty interest. *Bd. of Regents v. Roth,* 408 U.S. 564, 572–73 (1972). To establish that interest, plaintiff must show (1) the government publicly disclosed a stigmatizing statement during the course of terminating plaintiff or altering some other right or status recognized by state law, (2) plaintiff contests the accuracy of that statement, and (3) the government's denial of some other interest, such as discharge from employment or alteration or extinguishment of some other legal right or status. *Minshew v. Donley*, 911 F. Supp. 2d 1043, 1064 (D. Nev. 2012) (citing *Paul v. Davis,* 424 U.S. 693, 701, 710–12 (1976)).

Plaintiff alleges facts demonstrating that he contested the student's accusations by requesting a hearing on the issue of his termination. (ECF No. 1 at Exh. 1). Plaintiff also argues that his loss of future employment opportunities satisfies the third prong. (ECF No. 8 at 13). However, the complaint does not include any facts to support the first prong. Accordingly, plaintiff has failed to allege a liberty interest that may give rise to a substantive due process claim.

Plaintiff may have a constitutionally protected property interest in private employment if he has "more than a unilateral expectation of continued employment; he must demonstrate a legitimate claim of entitlement." *Merritt v. Mackey,* 827 F.2d 1368, 1370–71 (9th Cir. 1987) (quotation omitted). The court looks to state law in order to determine whether plaintiff has a legitimate claim of entitlement. *Id.* In Nevada, an employment contract is presumptively terminable at-will. *Martin v. Sears, Roebuck & Co.,* 899 P.2d 551, 554 (Nev. 1995); *D'Angelo v. Gardner,* 819 P.2d 206, 211 (Nev. 1991). To overcome this presumption, an employee must provide corroborating evidence when she is claiming her employer made oral promises of long-

**James C. Mahan**
**U.S. District Judge**

1  term employment. *Yeager v. Harrahs Club, Inc.*, 897 P.2d 1093, 1096 (Nev. 1995). At-will
2  employment is not a constitutionally protected property interest. *See Bishop v. Wood*, 426 U.S.
3  341, 346–47 (1976).

4  While plaintiff concedes that his coaching position was at-will, he argues that his position
5  as a substitute teacher was not. (ECF No. 8 at 5–7). However, the complaint does not provide any
6  facts that might indicate that plaintiff's substitute teacher position was intended as long term
7  employment. In fact, plaintiff signed the "conditions of employment" which explicitly stated that
8  plaintiff would be working "day-to-day" and that the defendants could terminate plaintiff "at any
9  time with or without cause." (ECF No. 5 at Exh. 1); *see* (ECF No. 5 at 10). In addition, NRS
10 391.3115(1)(a) states that substitute teachers are not subject to the job security provision of NRS
11 391.311-3197, further indicating that plaintiff's employment was at-will. Accordingly, plaintiff
12 has also failed to allege a protected property interest and, therefore, has failed to state a plausible
13 claim for violation of substantive due process.

14 In evaluating procedural due process, the Ninth Circuit has outlined a two-step inquiry:
15 "The first asks whether there exists a liberty or property interest which has been interfered with by
16 the [s]tate; the second examines whether the procedures attendant upon that deprivation were
17 constitutionally sufficient." *United States v. Juvenile Male,* 670 F.3d 999, 1013 (9th Cir. 2012)
18 *cert. denied,* 133 S.Ct. 234, (2012) (citation omitted). Here, plaintiff has not alleged a
19 constitutionally protected liberty or property interest. Therefore, plaintiff has failed to state a claim
20 for violation of procedural due process.

21   *b.  Breach of Contract & Breach of Covenant of Good Faith and Fair Dealing*

22 Claims for breach of contract and breach of covenant of good faith and fair dealing are not
23 applicable to at-will employment contracts. *Martin v. Sears, Roebuck and Co.*, 899 P.2d 551, 554-
24 55 (Nev. 1995); *Bally's Emps.' Credit Union v. Wallen*, 779 P.2d 956, 957 (Nev. 1989). Plaintiff
25 has not alleged facts indicating that his employment as a substitute teacher was not at-will.
26 Accordingly, plaintiff has failed to state plausible claims for breach of contract and breach of
27 covenant of good faith and fair dealing.
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

    c. *Defamation*

In order to demonstrate a defamation claim, plaintiff must show: "(1) a false and defamatory statement . . . ; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark Cty. School Dist. V. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (citing *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005)).

Plaintiff alleges that defendants, at some time, made defamatory statements about him. (ECF No. 1 at Exh. 1). However, the complaint does not allege any facts that would show that any of these communications were unprivileged. Instead, the complaint merely claims that defendants "did not have a privilege to make these statements." (*Id*.). Because the court may not accept legal conclusions as true, plaintiff has failed to state a plausible claim for defamation. *Iqbal*, 556 U.S. at 677.

    d. *Wrongful Termination in Violation of Title VII and NRS 613.330*

To state a claim for racial discrimination under Title VII plaintiff must allege that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). Furthermore, plaintiff must identify similarly situated individuals with specificity to create an inference that the employer's motivations were based on plaintiff's status as a member of a protected class and that similarly situated employees outside of the protected class were treated more favorably. *McKinney v. Sands Expo & Convention Ctr., Inc.,* No. 2:11–cv–02081–GMN–VCF, 2013 WL 3285312, at *4 (D. Nev. June 26, 2013); *see Abbey v. Hawaii Emp'rs Mut. Ins. Co.*, 760 F. Supp. 2d 1005, 1013-15 (9th Cir. 2010).

Plaintiff has not sufficiently alleged facts that support the fourth element of wrongful termination in violation of Title VII. The complaint only states that "[p]laintiff had witnessed Esparza treating [p]laintiff differently than his peers of different races." (ECF No. 1 at Exh. 1). However, courts in this district have held that an African American plaintiff's complaint satisfied

the specificity requirement in alleging the fourth element of wrongful termination by identifying two non-African American individuals that the defendants treated more leniently. *McKinney,* 2013 WL 3285312, at *4. Had plaintiff identified particular non-African American substitute teachers and alleged how defendant Esparza treated them more favorably, then the court might be able to make a reasonable inference that defendant CCSD is liable. Accordingly, plaintiff has failed to state a plausible claim for Title VII racial discrimination.

   e. *NRS. 613.330*

Dismissing the Title VII and due process claims deprives this court of original jurisdiction and, therefore, the court declines to exercise supplemental jurisdiction over the NRS 613.330 claim. *See* 28 U.S.C. § 1367(c)(3); *See also Sanford v. Memberworks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1998) (affirming a district court decision to dismiss supplemental claims after dismissing federal-law claims)).

**IV.** **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Clark County School District and Ramona Esparza's motion to dismiss (ECF No. 5), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Marcus Channey's complaint (ECF No. 1 at Exh. 1), be dismissed without prejudice.

The clerk is instructed to close the case.

DATED June 28, 2016.

                  */s/ James C. Mahan*
                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**